IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:21-cv-00641-DDD-KMT

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHATFIELD PCS LTD.;
GO ECO MANUFACTURING, INC.; and
TRA JAY SCARLETT,

    Defendants.

## ORDER GRANTING MOTION FOR ENTRY OF FINAL CONSENT JUDGMENT

Before me is Plaintiff United States Securities and Exchange Commission's Unopposed Motion for Entry of Final Judgment on Consent (Doc. 29). Having considered the motion and applicable law, and having reviewed the proposed consent judgment, I approve the proposed final judgment and grant the Commission's motion.

### BACKGROUND

Defendant Tra Jay Scarlett is the founder, president, and sole owner of Defendant Chatfield PCS Ltd. He is the founder, president, CEO, and a substantial shareholder of Defendant GO ECO Manufacturing, Inc. The Commission alleges that Mr. Scarlett, through Chatfield, made false representations when soliciting prospective investors to buy stock in GO ECO and then misappropriated investor funds for personal use and to pay Chatfield expenses. The Commission contends that

- 1 -

Defendants violated the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act").

I previously granted a temporary restraining order, followed by a preliminary injunction, that prohibited Defendants from violating the anti-fraud provisions of the Securities Act and the Exchange Act and froze Mr. Scarlett's and Chatfield's assets. (*See* Doc. 7; Doc. 17.)

The parties have now reached a settlement of this matter, and the Commission seeks entry of the parties' agreed final judgment.

## APPLICABLE LAW

Before entering a consent decree, a district court "must ensure that the agreement is not illegal, a product of collusion, or against the public interest," and that "the decree is fair, adequate, and reasonable." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). A consent decree must serve to resolve a dispute within the court's subject-matter jurisdiction, must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based. *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). And, a consent decree must comply with Federal Rule of Civil Procedure 65(d). *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996). Rule 65(d) requires that every order granting injunctive relief must "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(A)-(C).

## DISCUSSION

In this case, all parties are represented by counsel, nothing in the record suggests unfairness in the parties' negotiations, and the terms of the proposed consent judgment appear to be fair, reasonable, and consistent with the public interest and the objectives of the Securities Act and the Exchange Act. And, the proposed consent judgment complies with Rule 65(d). Accordingly, I approve the proposed final judgment, which will be entered by separate order.

## CONCLUSION

It is ORDERED that:

Plaintiff SEC's Unopposed Motion for Entry of Final Judgment on Consent (Doc. 29) is GRANTED; and

The Final Judgment as to Defendants Chatfield PCS, Ltd.; GO ECO Manufacturing, Inc.; and Tra Jay Scarlett (Doc. 29-2) is approved and adopted, and will be entered separately as an order of the Court.

DATED: March 30, 2022            BY THE COURT:

_____
Daniel D. Domenico
United States District Judge